State, Inhabitants of Bridgewater, pros., v. Amerman, Collector.

THE STATE, THE INHABITANTS OF THE TOWNSHIP OF BRIDGEWATER, IN THE COUNTY OF SOMERSET, PROSECUTORS, v. JOHN S. AMERMAN, COLLECTOR OF BRIDGEWATER.

Savings banks without capital stock, being taxable for the full amount of their property and valuable assets, without any deduction for debts or liabilities, are to be taxed for their deposits.

On *certiorari.*

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

For the plaintiffs, *Gaston.*

For the defendants, *Frelinghuysen.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The Raritan Savings Bank was chartered by an act of the legislature of this state, approved March 30th, 1869.

On the 20th of May, 1873, the amount of its assets and of the profits of its business was $65,000.   Of this amount $1200 were the profits of the business, and the balance was the amount received by the bank from depositors.   The bank was taxed for the sum of $65,000.   Upon appeal to the commissioners of appeal, the whole tax was remitted, but the bank paid its tax upon their surplus.   The question submitted to the court is, whether the bank was taxable upon its deposits?

This subject is regulated by the 16th section of the act of April 11th, 1866, (*Nix. Dig., pl.* 97, *p.* 954,) which provides "that such corporations as have no capital stock, other than those therein excepted, shall be assessed for the full amount of their property and valuable assets, without any deduction for debts or liabilities, but depositors in savings banks, taxed

by virtue of this section, shall be exempted from taxation on their personal estate to the amount of their deposits."

This savings bank is a corporation without capital stock, and is, therefore, expressly within the operation of the section above cited. By the terms of the act it is to be assessed for the full amount of its property and valuable assets, without any deduction for debts or liabilities. Whatever may be comprehended by the words "property," and "valuable assets," is within the reach of the taxing power. Moneys, when deposited in a savings bank, become the property of the institution, and are valuable assets in its hands to liquidate the claims of the depositors. If any doubt existed as to the legislative intent, it would be removed by the fact that the act exempts the depositor from taxation on the amount he may thus deposit. If the corporate body also can escape taxation on these deposits, a ready way would be furnished by which large sums of money could be withdrawn from liability to the public burden. Such intention is clearly excluded by the language of this enactment, and, therefore, in my opinion, the action of the commissioners of appeal was erroneous and should be set aside.

Justice WOODHULL concurred.